UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ELVIS CAMILLO RENTERIA LOPEZ,

    Petitioner,

v.

JAMES KEY,

    Respondent.

4:17-cv-05099-SAB

**ORDER DISMISSING PETITION**

BEFORE THE COURT are Petitioner's late Response, ECF No. 9, along with his motion seeking an extension of time to file the Response. ECF No. 8. On October 2, 2017, the Court directed Petitioner to show cause why this action should not be dismissed as time-barred and procedurally defaulted, ECF No. 6. In his motion, Petitioner asserts that he was without his legal materials between October 16, 2017 and November 17, 2017.

The decision to grant an extension of time is discretionary with the Court. Fed. R. Civ. P. 6(b). Due to his *pro se* status and the circumstances described in his motion, **IT IS ORDERED** Petitioner's motion, ECF No. 8, is **GRANTED.** The Court will consider Petitioner's Response consisting of 108 pages. To the extent Petitioner is presenting complaints, motions, and petitions in this case which he has

**ORDER DISMISSING PETITION --** 1

already presented in other civil rights and habeas actions, *see* ECF No. 9-3 at 19-41, 48-108, he should refrain from doing so.

## IN CUSTODY REQUIREMENT

Petitioner challenges his 2011 *Alford* plea[1] to two charges of fourth degree assault in Benton County Case No. J9Y-6409. He does not refute the Court's determination that he has already served the concurrent sentences based on that plea. ECF No. 6 at 3-4.

Petitioner presents no facts indicating that his present restraint is the result of anything other than his current conviction on different charges. Petitioner did not allege that he was serving consecutive sentences. Contrary to his assertions, Petitioner is not "in custody" on the convictions he is challenging. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

Petitioner does not allege that his current sentence was enhanced by the 2011 conviction. *Maleng*, 490 U.S. at 493-94. Regardless, because Petitioner is already challenging his current conviction and sentence in a separate habeas action, the Court will entertain the present petition no further. Petitioner's challenge is precluded by *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-404 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

//

//

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

**ORDER DISMISSING PETITION --** 2

## FEDERAL LIMITATIONS PERIOD

Petitioner does not refute the Court's finding that the federal limitations period for filing a habeas corpus petition challenging his 2011 *Alford* plea expired on October 4, 2013. ECF No. 6 at 6. He presents no facts supporting a statutory or equitable basis for tolling of the federal limitations period under 28 U.S.C. § 2244(d).

Petitioner contends that he approaches the "mentally retarded," and includes a copy of a Report prepared by Mark Mays, Ph.D., J.D., on May 23, 2011. ECF No. 9-3 at 42-47. There is no diagnosis of mental retardation in May 2011. Rather, the author reports that when Petitioner was approximately twelve years old, and possibly in regard to placement in Special Education, a school reported that Petitioner's "intelligence approached the mentally retarded." ECF No. 9-3 at 46-47. The assessment of a school when Petitioner was a child would not excuse his failure to file a timely federal Habeas Petition between October 4, 2012, and October 4, 2013. *See e.g., Beaty v. Schriro*, 554 F.3d 780, 784, (9th Cir. 2009) (failing to raise claim under *Atkins v. Virginia*, 536 U.S. 304 (2002) (holding the execution of the mentally retarded is cruel and unusual punishment under the Eighth Amendment) within one year after that decision, barred the claim).

Petitioner has failed to present a basis to equitably toll the running of the federal limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, the habeas petition presented on July 17, 2017, is time-barred.

## CLAIM OF ACTUAL INNOCENCE

Petitioner did not assert in his petition that he was actually innocent of fourth degree assault. Rather, he stated he believed a jury might have found he did not commit the assault(s) if he could have presented evidence to impeach the child victims. The fact Petitioner did not go to trial resulted in waiver of his right to confront witnesses. Any claim regarding the sufficiency of the evidence was also waived by the *Alford* plea.

**ORDER DISMISSING PETITION --** 3

In the Ninth Circuit, a prisoner asserting a claim of actual innocence "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir.1997). Petitioner has presented no credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, or exculpatory scientific evidence, *see Schlup v. Delo*, 513 U.S. 298, 324(1995). Petitioner has failed to present a plausible claim of actual innocence.

Once again, Petitioner did not pursue a direct appeal and he did not seek post-conviction relief in the state courts until after the time to file a federal habeas petition had expired. He has failed to show cause for procedurally defaulting his claims.

Having reviewed the record and being fully informed, **IT IS ORDERED** the Petition is **DISMISSED with prejudice** as time-barred and procedurally defaulted.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, and provide a copy to Petitioner. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 20th day of December 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING PETITION -- 4**